ery while in motion, of a hole in the floor, a defect or imperfection in the machine, or some other dangerous condition not referred to in the complaint. As before observed, it was not claimed or suggested that currents of electricity or air were generated, or that the defendant was negligent in failing to give the plaintiff proper instruction concerning them. The whole cause of action was predicated upon the omission to guard the rollers. That was the distinct and specific charge of negligence; and if, as the court held, the stack of calenders and all appliances furnished the plaintiff for his employment were in perfect order, and negligence could not be imputed for a failure to guard the rollers, it is clear that the court erred in permitting the plaintiff to prove and to recover upon a cause of action not alleged in the complaint.

While the Code is liberal in disregarding technical defects and omissions in pleadings and in allowing amendment, it does not permit a cause of action to be changed, either because the plaintiff fails to prove the facts necessary to sustain it or because he has mistaken the force and effect of the allegations of the complaint. Degraw v. Elmore, 50 N. Y. 1; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Neudecker v. Kohlberg, 81 N. Y. 296; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698. "The principle still remains that the judgment to be rendered by any court must be secundum allegata et probata; and this rule cannot be departed from without inextricable confusion and uncertainty and mischief in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them on the trial to their surprise or prejudice, or found judgments on grounds not put in issue, and distinctly and fairly litigated." Wright v. Delafield, 25 N. Y. 266; Southwick v. First National Bank of Memphis, 84 N. Y. 420; Truesdell v. Bourke, 145 N. Y. 612, 40 N. E. 83. "If a party can allege one cause of action and then recover upon another, his complaint will serve no useful purpose, but rather to ensnare and mislead his adversary." Brightson v. Claflin Co., 180 N. Y. 81, 72 N. E. 920.

For these reasons, I am of opinion that the judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except SMITH, P. J., dissenting.

---

## WARE v. ITHACA ST. RY. CO.

(Supreme Court, Appellate Division, Third Department. March 11, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—MACHINERY—IMPROPER TEST.
    A master is not liable to his servant injured in a boiler explosion for failure to apply a hammer test to the flues, where it appeared that such test could not have been applied.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 238.]

2. SAME—ASSUMPTION OF RISK.
    Where an employé knew the location of a boiler which exploded and killed him, and had worked in the shop for two years, he assumed the

risk arising from the position of the boiler and the peculiar construction of the building.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 584–592.]

Appeal from Trial Term, Tompkins County.

Action by Alice P. Ware, administratrix, against the Ithaca Street Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, CHESTER, COCHRANE, and SEWELL, JJ.

Myron N. Tompkins, for appellant.
David M. Dean, for respondent.

SEWELL, J. This action was brought to recover damages for the death of Tilden H. Ware, plaintiff's intestate, who was killed by an explosion of a boiler in the defendant's power house, located in Fall Creek Gorge, in the city of Ithaca. The boiler was a water tube boiler, consisting of 8 horizontal rows of tubes, with 12 tubes in a row. Each tube was 16 feet long and 4 inches in diameter. On the 22d day of January, 1902, while the decedent and one John Considine were in the employ of the defendant, decedent as assistant engineer and fireman and Considine as helper, one of the inner tubes burst, which allowed the water and steam to escape into the fire box and blow out through the door thereof, inflicting injuries upon Ware from which he shortly died. An examination of the tube after the accident disclosed the fact that there was an imperfect weld at the point of rupture. The evidence tended to show that the explosion was caused by this defect, which rendered the tube incapable of sustaining the pressure put upon it, and that the defect would have been discovered by the defendant if there had been a proper inspection of the boiler.

The plaintiff claimed, and gave evidence to the effect, that the defect would have been disclosed by the hydraulic test, which consists in applying water pressure until the pressure in the boiler is in excess of the normal steam pressure, and that this test was the customary test to ascertain the strength of a boiler. Evidence was also given tending to show that a hammer test is sometimes made by striking every part of the boiler with a hammer, but it was undisputed that such a test could not have been applied to the boiler in question. It appeared from uncontradicted evidence introduced by the plaintiff that a hydraulic or hydrostatic test was the only practical test for a boiler of this type and character. There was therefore no basis in the proof for imputing negligence to the defendant for omitting the hammer test; and we think the court erred in refusing the request of the learned counsel for the defendant to charge "that the plaintiff cannot recover on account of any failure upon the part of the defendant to apply the hammer test to this boiler." As it is impossible to say that the jury did not find that the defendant was liable for not applying this test, it follows that the judgment should be reversed and a new trial ordered.

We also think that the learned trial justice in desiring not to interfere with the province of the jury erroneously submitted to them the

question whether the plaintiff assumed the obvious and apparent danger incident to the peculiar construction of the building and the situation of the boiler. It appeared upon the trial, and the fact was not contradicted, that the decedent commenced work in this building and continued his employment therein for nearly two years with full knowledge of its character and construction, as well as the location of the boiler and other machinery. The case, therefore, is brought within the rule often recognized and applied, to the effect that a servant upon entering the employment assumes, not only all the risks incident to such employment, but all dangers which are obvious and apparent, and if he voluntarily continues in the service, having knowledge or the means of knowing the dangers involved, he is deemed to assume the risk, and to waive any claim for damages against the master in case of personal injury. Hickey v. Taaffe, 105 N. Y. 26, 12 N. E. 286; Crown v. Orr et al., 140 N. Y. 450, 35 N. E. 648; Knisley v. Pratt, 148 N. Y. 372, 42 N. E. 986, 32 L. R. A. 367. We think that it is too plain for argument that the decedent took upon himself all the risks resulting from the peculiar construction of the building and the cramped position of the boiler, and, as this is an ordinary common-law action for negligence, the defendant was entitled to have the charge made as requested.

The judgment and order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.